UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DONOVAN JOSEPH,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:18-cv-02301-KJD-EJY

ORDER

Before the court is respondents' motion to dismiss parts of two grounds in Donovan Joseph's 28 U.S.C. § 2254 habeas corpus petition as conclusory (ECF No. 11). The court concludes that these claims are sufficiently pled; therefore, the motion to dismiss is denied.

I. **Background & Procedural History**

On June 11, 2014, a jury convicted Joseph of 3 counts of sexual assault and 1 count of open or gross lewdness[1] (exhibit 56).[2] The state district court sentenced him to 3 terms of 10 years to life and 364 days for the lewdness count, all to run concurrently. Exh. 70. Judgment of conviction was filed on February 3, 2015. Exh. 77.

---

[1] The jury also convicted Joseph of 1 count coercion sexually motivated—the State asked the court at sentencing to disregard that count due to insufficient evidence, and 1 count battery with intent to commit a crime—the court threw out that count at sentencing due to a misleading jury form. Exh. 70.

[2] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-13.

1

The Nevada Court of Appeals affirmed Joseph's convictions, and the Nevada Supreme Court affirmed the denial of his state postconviction habeas corpus petition. Exhs. 100, 140.

Joseph dispatched his federal habeas corpus petition for filing in November 2018 (ECF No. 1). Respondents now move to dismiss certain claims in the petition as conclusory (ECF No. 11). Joseph opposed, and respondents replied (ECF No. 17, 18).

## II. Legal Standards & Analysis

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**Ground 1**

Ground 1 alleges several instances of ineffective assistance of counsel (ECF No. 1, pp. 3-9). Respondents challenge ground 1(A) as conclusory. In ground 1(A)(1) Joseph contends that trial counsel failed pursue a limiting instruction regarding testimony about the victim's clothing, and in ground 1(A)(2) he argues that appellate counsel failed to challenge the trial court's failure to give a limiting instruction on appeal (ECF No. 1, pp. 4-5).

In ground 1(B) Joseph argues that trial counsel failed to object to several instances of prosecutorial misconduct. Respondents challenge ground 1(B)(3) that trial counsel failed to object to the State referring to video from the Foundation Room in closing arguments (ECF No. 1, p.7). Joseph claims that the State's argument suggested the existence of additional incriminating evidence, while in Joseph's view additional video from the Foundation Room would have supported the defense's theory of the case had it been produced. *Id.*

The court rejects respondents' challenges to these claims of ineffective assistance of counsel. The claims might not be models of clarity, but they set forth sufficient specific factual allegations and refer to the state-court record. They are not patently frivolous or false. The court declines to dismiss any portions of ground 1 as conclusory.

**Ground 3**

Respondents challenge ground 3(A) in which Joseph argues that trial counsel was ineffective because he failed to investigate what defense witness Jeff Fogel knew (ECF No. 1, pp. 13-15). Respondents are correct that the petition refers to the attached declaration of Fogel, but the declaration was not in fact attached. However, the petition itself sets for the specific factual allegations about Fogel's knowledge. *See id.* The court also declines to dismiss ground 3.

Ground 4 is a claim that the cumulative effect of alleged errors warrants habeas relief. *Id.* at 21. As no claims are subject to dismissal at this time as conclusory, the court need not consider any part of the cumulative error claim.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **DENIED**:

**IT IS FURTHER ORDERED** that respondents shall have **60 days** from the date this order is entered within which to file an answer to petition.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** following service of respondents' answer in which to file a reply.

DATED: 25 February 2020.

 KENT J. DAWSON
 UNITED STATES DISTRICT JUDGE